**Opinion filed May 24, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00263-CR

_____

## LEOPOLDO TAVAREZ ARREOLA, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 142nd District Court

Midland County, Texas

Trial Court Cause No. CR38027

## M E M O R A N D U M   O P I N I O N

The jury convicted Leopoldo Tavarez Arreola of possession of cocaine in an amount of less than one gram and assessed punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years and a fine of $7,500. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (b) (West 2010). The jury recommended that the fine be suspended. The trial court suspended the sentence, including the fine, and placed Arreola on community supervision for a term of five years. Arreola challenges his conviction in two issues. We affirm.

In his first issue, Arreola asserts that the trial court erred when it refused to allow defense counsel to cross-examine the arresting officer about a similar encounter with another citizen just before the officer arrested Arreola. In his second issue, Arreola argues that the trial court erred when it refused to allow him to present evidence that he had taken and passed numerous drug tests.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.*

Midland Police Officer Brad Robertson testified that he was working the night shift on October 9, 2010, when he was dispatched to a disturbance at the Reventon Caliente bar at approximately 12:50 a.m. When he arrived, there was no longer a disturbance. However, while Officer Robertson and other officers performed a walk-through of the bar, another disturbance began. Officer Robertson saw Arreola trying to fight with the bar staff. Arreola had raised his hand as if to strike the staff member. A bouncer shoved Arreola outside to remove him from the bar. Officer Robertson made contact with Arreola outside the bar and placed him in handcuffs for officer safety. After speaking with Arreola about the disturbance and after observing signs of intoxication, Officer Robertson arrested him for public intoxication. He performed a cursory search of Arreola, placed him in the back of his patrol car, and then transported him to the central detention center.

During the booking process, Correctional Officer Tiffany Kae Goodwin took an inventory of Arreola's personal property. She found a one-dollar bill folded up into a pouch or pocket-type shape; there was cocaine inside the pouch.

On cross-examination, defense counsel asked Officer Robertson about discrepancies in his initial police report of the incident. Officer Robertson testified that he made a mistake in his initial report when he stated in the body of the report that the person arrested was Miguel Aryan Miranda and in another section of the report that Arreola was the person involved. Defense counsel asked Officer Robertson about the circumstances surrounding Miranda's arrest, but the State objected. Defense counsel argued that the details of Miranda's arrest were relevant to Arreola's arrest because the details were in the police report with Arreola's name on it, occurred on the same day, and were very similar to the details of Arreola's arrest: both men were drunk, both men were searched, and Officer Robertson found the same amount of cocaine packaged in

the same way on both men. The State argued that, although the report could be used to impeach Officer Robertson by showing that he made a mistake in his initial report and had filed a corrected report, the details of another person's arrest were not relevant to the charges against Arreola. The trial court sustained the State's objection, and Arreola made a bill of exception.

Outside the presence of the jury, Officer Robertson testified that he stopped Miranda for driving while intoxicated prior to arresting Arreola. He searched Miranda and found 0.2 grams of cocaine in a one-hundred-dollar bill. Officer Robertson turned Miranda over to one of the drug detectives and put the cocaine in an evidence bag in his trunk. He eventually placed the cocaine in an evidence locker. Miranda was never charged with the commission of a crime because the drug detectives were going to use him as an informant. Officer Robertson further testified that Arreola and Miranda had absolutely nothing to do with each other but that he made a mistake late in the night by putting the narrative regarding Miranda into the report for Arreola. At the conclusion of the bill of exception, the trial court again sustained the State's objection.

In his first issue on appeal, Arreola argues that this evidence is relevant because it connects Officer Robertson to the same amount of cocaine packaged in the same way as the cocaine found in Arreola's possession during booking and, thus, that the evidence undermined the State's allegation that Arreola knowingly possessed contraband. We note that the police reports are not in the appellate record for our review.

Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. All relevant evidence is admissible, except as otherwise provided by constitution, statute, or other rules of evidence; irrelevant evidence is inadmissible. TEX. R. EVID. 402.

Arreola contends that Officer Robertson's encounter with Miranda is relevant to Officer Robertson's encounter with him because both encounters took place on the same day, both involved Hispanic males who were intoxicated, and both males allegedly possessed the same amount of cocaine packaged in a bill of money. However, during Arreola's bill of exception, Officer Robertson testified that Miranda and Arreola had absolutely nothing to do with each other and that he put Arreola's name on Miranda's narrative by mistake. Officer Robertson also testified that the amount of cocaine found on Miranda was 0.2 grams and that he found it in a one-hundred-dollar bill. After seizing the cocaine from Miranda, he placed it in an evidence bag

in the trunk of his car and later transferred the evidence bag containing the 0.2 grams of cocaine to an evidence locker. The evidence at trial showed that the amount found on Arreola during booking was 0.15 grams and was found in a one-dollar bill. Although the amount and packaging of cocaine found on each male were similar, they were not identical as Arreola suggests. In addition, Officer Robertson testified that suspects typically transport narcotics in bills of money.

Furthermore, when defense counsel first began to cross-examine Officer Robertson, he asked him about the date and time discrepancies in the reports. Officer Robertson testified that the first report had a date and time of Saturday, October 9, 2010, at 3:02 a.m., whereas the report dealing with Arreola showed Sunday, October 9, 2010, at 12:50 a.m. He admitted that the incident with Arreola actually occurred on Sunday, October 10, 2010, and that the date of October 9 was an error in his report. In reviewing his own reports, he believed that the incident with Miranda occurred the day before the encounter with Arreola. Thus, it appears from Officer Robertson's testimony that the encounter with Miranda occurred on October 9, 2010, at 3:02 a.m., almost twenty-two hours prior to his encounter with Arreola. Because Arreola did not offer the police reports as part of the evidence within his bill of exception, the reports are not included in the appellate record for our review. Thus, it is impossible for us to review the format of the reports, the narrative in question, or the time and date discrepancies in each report. The trial court, however, did have the benefit of reviewing the police reports in deciding to exclude the evidence. Taking into consideration Officer Robertson's testimony that his encounters with Miranda and Arreola were two separate encounters that had nothing to do with each other and the fact that the trial court was able to review the police reports, we cannot say that the trial court's decision to exclude this evidence was outside the zone of reasonable disagreement. We overrule Arreola's first issue.

In his second issue, Arreola argues that the trial court erred when it refused to allow him to present evidence that he had taken and passed numerous drug tests. After the State rested and before Arreola began to present his defense, the State informed the trial court that three of Arreola's witnesses would be testifying to information that was not relevant to the charges against Arreola. The three witnesses were Fernando Reyna, Arreola's employer in February 2011; Ms. Murphy, who drug-tested Arreola for his employer in 2011; and Arreola's wife. Arreola argued that his negative drug tests and the fact that he was hired by a trucking company that frequently drug-tested its employees were relevant to the State's allegation that he possessed

less than a gram of cocaine because the evidence would show that he was not a cocaine user and, thus, that it was unlikely that he would be in possession of cocaine. The trial court found that the proximity of time from the possession charge in October 2010 to Arreola's negative drug tests in February 2011 was too attenuated to be relevant. The trial court sustained the State's objections to Reyna's and Murphy's testimony but overruled the State's objection to Arreola's wife's testimony.

A bill of exception as to Murphy's testimony was not made because Murphy told the court that she would be unable to testify to the results of the drug test that she performed without a release from the company. A bill of exception was made as to Reyna's testimony. Reyna testified in the bill that he was the acting manager of Permian Services and that Arreola was drug-tested when he came to work for Permian Services in February 2011. The drug test was negative. Reyna further testified that, if the company had any knowledge of Arreola using drugs, the company would not have hired him. Reyna was not aware that Arreola had a pending felony drug charge when Arreola was hired, but Reyna was only the assistant manager at the time and thus did not review Arreola's application or personally hire Arreola. Permian Services had nothing to do with Arreola in October 2010.

On appeal, Arreola argues that, because evidence of prior drug use is relevant to show intent and knowledge in a possession case, evidence of subsequent nonuse is relevant to show a lack of intent and knowledge. Regardless of whether evidence of Arreola's non-drug use four months after his arrest is relevant to show that he lacked the intent or knowledge required for possession, the trial court did not err in excluding the evidence under TEX. R. EVID. 404 and 405. Rule 404 permits a defendant to introduce evidence of a pertinent character trait to prove action in conformity with that trait. Rule 404(a)(1)(A). If the character trait is an essential element of the crime charged, the defendant may introduce the evidence through specific instances of conduct. Rule 405(b). However, when the character trait is not an essential element of the crime charged, the defendant may only introduce evidence of his good character trait through reputation or opinion testimony. Rule 405(a).

A conviction for unlawful possession of a controlled substance requires the State to prove beyond a reasonable doubt that the defendant exercised control, management, or care over the controlled substance and that the defendant knew that the matter he possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Drug use is not an essential

element of the offense of possession of a controlled substance. *Norton v. State*, No. 14-04-00871-CR, 2006 WL 771891, at *4 (Tex. App.—Houston [14th Dist.] Mar. 28, 2006, pet. ref'd) (mem. op., not designated for publication). Therefore, Arreola could only offer evidence of his good character trait as a non-drug user in the form of reputation or opinion testimony. Evidence that showed Arreola passed a drug test is evidence in the form of a specific instance of conduct, and thus was inadmissible character evidence under Rule 405. Therefore, the trial court did not abuse its discretion in excluding this evidence. We overrule Arreola's second issue.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


May 24, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.